IN THE UNITED STATES DISTRICT COURT FOR THE
SEVENTH DISTRICT OF INDIANA SOUTHERN DIVISION

**FILED**
**JAN 28 2011**
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| | |
|---|---|
| Corey-Brendan: McCormick™, <br> Plaintiff, <br> <br> v. <br> <br> State of Indiana; and <br> City of Washington; and <br> Gregory A. Dietsch Jr.; and <br> Barry A. Hudson, <br> Individually and in their official capacities <br> as police officers of City of Washington <br> Government <br> Defendants. | ) <br> ) <br> ) <br> ) CASE NO. 3:10-cv-00136-RLY-WGH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

\*\*\*\*       \*\*\*\*       \*\*\*\*       \*\*\*\*

### Introduction

Plaintiff, Corey-Brendan: McCormick™, brings this action against the individual police officers and the Defendant(s), City of Washington Government (hereinafter "City"), and State of Indiana (hereinafter "State") for damages arising out of a violation of Plaintiff's constitutionally guaranteed right to life, liberty and pursuit of happiness, to remain free of unreasonable search and seizure by police/government and his right to privacy and the common law claim of intentional infliction of emotional distress, all arising from the actions of the Defendants, Gregory A. Dietsch, Jr. and Barry A. Hudson, acting as agents for City of Washington and the State of Indiana Government(s).

### Notice and Service

The personal addresses for some defendants are unknown and upon specific request has been withheld from the Plaintiff, for that reason the Plaintiff uses and reserves the common law right, *qui facit per alium, facit per se* and the Law of agency for the purposes of serving notice and prays the Court accept this as the Plaintiff's good faith attempt to serve notice to all defendants. The Plaintiff lacks the resources to secure this information and respects the privacy of the defendants.

Notice to agent is notice to principal(s). Notice to principal is notice to agent(s). Silence is acquiescence.

### Jurisdiction

Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by Article IV of the Bill of Rights to the Unites States Constitution, 42 U.S.C. 1983, and the common law.

Plaintiff is a natural American Citizen in the American Republic. Plaintiff has lived upon the Indiana republic in excess of 2 consecutive years.

Each Defendant is, upon information and belief, a citizen of the State of Indiana

Defendant, City of Washington Government is, and at all times mentioned was, a municipal corporation existing by virtue of the laws of the State of Indiana.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 1332, 1343(a)(3) and 42 U.S.C. 1983.

Plaintiff also invokes the supplemental jurisdiction of the Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. 1367 as the common law claims form part of the same case or controversy.

Venue is proper in this District pursuant to 28 U.S.C. 1391 as the cause of action occurred in this District.

### Parties

Defendant, State of Indiana, governs the City of Washington pursuant to the laws of the State of Indiana.

Defendant, City of Washington, operates and governs the City of Washington Police Department pursuant to the laws of the State of Indiana.

Defendants Gregory A. Dietsch, Jr. and Barry A. Hudson are sued both individually and in their official capacity as City of Washington Police Officers. At all times pertinent hereto, Defendants Gregory A. Dietsch, Jr. and Barry A. Hudson were employed by the City of Washington Government.

Defendants Gregory A. Dietsch, Jr. and Barry A. Hudson were acting as police officers in the scope of their employment for the City of Washington Government at all times herein mentioned.

Defendant City of Washington was acting as an extension of the State of Indiana enforcing State of Indiana statutes in their employment at all time herein mentioned.

At the time of the alleged incident and at all times pertinent hereto Defendants acted under color of law, of a statute, ordinance, regulation, custom or usage.

### Facts

On July 15, 2010, at approximately 5:00 p.m., Plaintiff was traveling on a public right of way using his private property and conveyance on the land and upon the Indiana republic. The Plaintiff was alleged, by the Defendant(s) to be in the City of Washington and/or Daviess County within State of Indiana.

Plaintiff was lawfully present, not under arrest, and committing no criminal offense on his private conveyance.

The Defendants, Gregory A. Dietsch Jr. and Barry A. Hudson, followed the Plaintiff, illuminated their emergency lights and stopped Plaintiff, thereby creating an emergency. The Defendant, Gregory A. Dietsch Jr., stated that he knew the Plaintiff had never been issued a license and thereby in violation of a statute, which the Defendant believed the Plaintiff was subject to obey.

Plaintiff notified the Defendants that he was exercising his common and fundamental right to travel and provided some documentation, from Plaintiff's backpack to support his claim of right, which the Defendants reviewed, but seemed willing and knowing to ignore. Upon further investigation by the City of Washington Dispatcher, she revealed to the Defendants, via radio broadcast, which was acknowledged by the Defendants, that the Plaintiff did have a valid license issued. The Defendants did not terminate the unlawful detention/arrest at that time and made absolutely no indication that the Plaintiff was otherwise free to go.

The Defendant, Gregory A. Dietsch Jr., without probable cause or warrant, and without lawful cause or justification did arrest, transport, and confine the Plaintiff and seize all private property lawfully in possession of the Plaintiff and impounded his conveyance.

The Defendant officers were armed with deadly weapons and when asked, stated they would use force if Plaintiff did not comply, thereby putting Plaintiff in fear of his life. Plaintiff notified the Defendants and other jail personnel that he was withholding his consent and reserving his rights at all times. The Plaintiff stated repeatedly that he expressly did not consent to the arrest, detention, and confinement and wished to be released immediately and have his property promptly returned.

The Defendant officers DID NOT request the Plaintiff's permission to move, transport or hold the Plaintiff's conveyance or property, nor did the Plaintiff give them permission to do so.

Plaintiff demanded that he be released, but the Defendant police officers refused to do so.

Plaintiff, being fearful of further actions of the Defendants and not desiring any further adverse encounter with the police was peaceful and did not physically resist the officers at any time.

The Defendant, Gregory A. Dietsch Jr., did file an Affidavit of Probable Cause, which he perjured himself within and further charged the Plaintiff with offenses, which the Defendants knew or should have known to be untrue and false.

The Defendants, Gregory A. Dietsch Jr. and the City of Washington Police Department, required Plaintiff to furnish unnecessary documents and to pay a third-party to have his private conveyance released to him, in the sum of $100 (ONE HUNDRED DOLLARS).

Further, upon posting bond to be released, the State of Indiana has failed to return 100% of the bond monies and thereby committing fraud in the execution of bond monies.

Several days later, while Plaintiff was attempting to provide these increasing requirements to have his private conveyance released to him, the Defendant, Barry A. Hudson, while armed, did attempt to provoke the Plaintiff into a confrontation on the steps of the City of Washington Police Department, thereby putting the Plaintiff in fear of further abuse, violation of rights and of his life, as the Plaintiff was being forced, by demand of Defendants, to be at that location to attempt to regain possession of his property.

The Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutionally guaranteed rights of Plaintiff.

The actions of the Defendants constitute unlawful arrest, perjury, kidnapping, criminal confinement, grand theft auto and violations of Plaintiff's constitutionally guaranteed right to liberty, property, privacy, be secure in his person and papers, among others.

Further, the Plaintiff has made several reports to State of Indiana, and the Daviess county Prosecutor, providing affidavits and criminal complaints and though the Prosecutor in Daviess county has direct knowledge of these felonious acts/events, refuses to protect the People or the Plaintiff by prosecuting these crimes in a Court of Law.

As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered mental anguish for which he should recover damages from the Defendants.

**Count I: Violation of constitutional rights under 42 U.S.C. 1983**

Plaintiff incorporates herein by reference the allegations contained above in this complaint.

The unreasonable and unlawful arrest, search, and seizure of Plaintiff and his private property and the intentional infliction of emotional distress upon Plaintiff violated the rights of Plaintiff as guaranteed by Article IV in the National Bill of Rights and rights guaranteed by the Constitution for the united States of America and Indiana; and such misconduct constituted a departure from the evolving standards of decency that mark the progress of a maturing society, exceeding the bounds of all human decency, where Defendants acted with intent to deprive Plaintiff of his constitutionally protected rights and with deliberate indifference to the constitutionally guaranteed rights of the Plaintiff for which Defendants Gregory A. Dietsch, Jr. and Barry A. Hudson are individually liable.

**Count II: Intentional Infliction of Emotional Distress**

Plaintiff incorporates herein by reference the allegations contained above in this complaint.

The intentional violation of Plaintiff's natural and civil rights in conjunction with the abuse of power, abuse of the public trust and the intimidation inflicted upon Plaintiff by the Defendant police officers was committed in a manner that was extreme, outrageous, and unjustified, which has caused the Plaintiff to suffer emotional distress for which Defendants Gregory A. Dietsch Jr. and Barry A. Hudson are individually liable

The intentional physical, mental and psychological abuse of Plaintiff was unjustified and committed with actual malice and wanton indifference to and deliberate disregard for the constitutionally protected rights of the Plaintiff. The Plaintiff is thus entitled to exemplary and punitive damages.

The Defendant, City of Washington Government, is liable for the actions of the individual Defendant police officers for intentional infliction of emotional distress under the doctrine of respondeat superior.

The Defendant, State of Indiana, is liable for the actions of the City of Washington Police Department, for intentional infliction of emotional distress under the doctrine of respondeat superior.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

Award compensatory damages against the Defendants, jointly and severally, in an amount to be determined at trial, but not less than $250,000.00

Award exemplary and punitive damages against the individual Defendants, jointly and severally, in favor of Plaintiff, in an amount to be determined at trial, but not less than $250,000.00;

Costs of this action, such as reasonable attorney's fees to the Plaintiff pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. 1988 (1976); and

Such other relief as Plaintiff may appear legally and/or lawfully and properly entitled and as the interests of justice require.

**TRIAL BY JURY IS DEMANDED.**

WITHOUT PREJUDICE

Corey-Brendan: McCormick™
c/o 1041 East Schnelleville Road
Jasper, Indiana [ZIP Exempt]

Plaintiff and victim